The opinion of the Court was delivered by
O’Neall, J.
The Act of 1827, commonly called the Trover Act, 6 Stat. 337, was prepared and introduced by the late Judge Butler, when a member of the House of Representatives in the General Assembly.
It provides amongst other things, on a proper affidavit in an action of trover, that a judge, or the clerk of the court, may grant an order requiring the sheriff to cause the defendant to enter into a bond “with sufficient security, to the sheriff of the District in which such action shall be brought, for the production of the chattel sued for, to satisfy the plaintiff’s judgment, in case he should recover against the defendant.” The 20th sect, of the Act of 1839 is merely a re-enactment of the same provision, 11 Stat. 76.
*165 The bond in this case was given under this Act, and the condition is, “if the above bound Reddick Moseley do appear at the Court of Common Pleas to be holden at Lancaster C. H., &c., to answer to Craddick Mosely, the plaintiff, in action of trover for the production of the negro boy Peter, sued for to satisfy the plaintiff Craddick Moseley’s judgment in case he should recover against the said defendant Reddick Moseley, then the above obligation to be void,” &c.
: The question is, whether this condition is such an one as can be enforced under the Acts. It will be observed, that the Acts of 1827, and 1839, do not, like the Stat. of Hen. VI., c. 9, Appendix No. 1 to P. L., 8, declare a bond taken in other form than that pointed out by the Acts, to be void. Yet, notwithstanding the provision of the Stat. Hen. VI. c. 9, bonds which vary and differ from the form of the Stat. in words and circumstances only, are good, 1 Shepp. Touchstone, 374. That being so, under the stringent provision of the Stat. of Hen. VI, c. 9, much less can a similar objection prevail in this case under the Acts of 1827, and 1839.
It is supposed, that the condition here is bad, because of the requirement that the defendant shall appear at the return of the Writ. It is true, beyond doubt, that the Acts do not require such a condition, and if a failure to appear had been the breach assigned, there could be no recovery. But that is not the breach, and the question really is, does this bad condition affect the balance of the condition of the bond ? I think it does not. The case of Anderson vs. Foster, 2 Bail. 500, is full to that point. For there a condition more than the law required in a bond for the Prison Bounds, was held not to affect the other condition required by law. This is fully sustained by Goodman vs. Knight, Cro. Jac. 358; Langdon vs. Goole, 3 Lev. 21.
The condition here, excluding the condition for appearance, . may be read “ if the above bound Reddick Moseley do answer to Craddick Moseley, the plaintiff in an action of trover, for the *166 production of the negro boy Peter sued for, to satisfy the plaintiff, Craddick Moseley’s judgment, in case he should recover,” then, &c.
This reading makes the condition consistent with the Acts. The rule is, “if the condition be defective in terms, the Court will endeavor to give effect to the intention of the parties, if it can be ascertained from the whole instrument, and they will accordingly transpose, disjoin, and supply words" Langdon vs. Goole, 3 Lev. 22. The motion to set aside the nonsuit is granted.
Glover and Munro, JJ., concurred.

Motion granted.